UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Anderson, #266902, | ) C/A No. 4:10-824-RBH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Sabrina Nicholas, | ) |
| Defendant. | ) |

The plaintiff, Isaac Anderson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDOC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names an SCDOC employee as the sole defendant.[2] Plaintiff claims the defendant spit in his food and has put his life in danger "by telling others all kinds of crazy things about me." Docket Entry 1 at 3. Plaintiff seeks monetary damages for "emotional damage and stress," as well as injunctive relief. Docket Entry 1 at 5. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387, (4th Cir. 1990).

**<u>Discussion</u>**

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint claims the defendant, a SCDOC employee acting under color of state law, violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, causing him emotional distress. Docket Entry 1 at 2. The complaint alleges the defendant spit in Plaintiff's food, causing him stress. Docket Entry 1 at 3. Plaintiff also alleges the defendant has put his life in danger "by telling others all kinds of crazy things about me." *Id*. Plaintiff seeks monetary damages for "emotional damage and stress," as well as "all of this chaos looked into by higher authority." Docket Entry 1 at 5.

The complaint fails to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. In discussing pleading requirements, the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), states that:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not

> necessary; the statement need only give the defendant fair notice of what the claim
> is and the grounds upon which it rests.

Plaintiff's claim that the defendant put his life in danger "by telling others all kinds of crazy things" is not sufficient under pleading requirements. Although specific facts are not required in the pleading, as in exactly what the defendant said, the factual allegations may not be so vague that they fail to indicate the grounds on which the claim rests and are insufficient to give the defendant fair notice of what the claim involves. Plaintiff's claim that his life has been put in danger requires more specific factual allegations as to how the defendant put his life in danger. The allegation of "telling others all kinds of crazy things" is not sufficiently specific to support the general claim of danger to Plaintiff's life. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Similarly, Plaintiff's claim that the defendant spit in his food, causing him stress, fails the pleading requirement to "show the pleader is entitled to relief." Plaintiff is not entitled to relief for stress alone. Also, Plaintiff's request for this Court to investigate "all of this chaos" is not relief that is available.

Finally, the complaint seeks one million dollars for "emotional damage and stress." Docket Entry 1 at 5. Plaintiff is not entitled to compensatory damages for emotional distress or emotional damage alone. The Civil Rights of Institutionalized Persons Act at 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The complaint in this case claims only emotional distress, and thus is not actionable. "[I]f the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is

barred in its entirety." *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999).

The complaint fails to state a claim on which the relief requested may be granted, so should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 17, 2010
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).